# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

MARISOL CAMINERO,

                   Plaintiff,

       -against-

METROPOLITAN TRANSPORTATION
AUTHORITY,

                  Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

03 Civ. 4187 (GBD) (DCF)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Marisol Caminero brings this action against her former employer, Defendant Metropolitan Transportation Authority (the "MTA"), pursuant to the Federal Employers' Liability Act (the "FELA"), 45 U.S.C. §§ 51–60, alleging that Defendant negligently maintained its workplace and equipment, causing her physical injuries. (Compl., ECF No. 1.) Defendant moves to dismiss Plaintiff's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Mot. to Dismiss, ECF No. 15.)

    Before this Court is Magistrate Judge Debra C. Freeman's May 2, 2019 Report and Recommendation (the "Report"), recommending that Defendant's motion be granted and that this action be dismissed with prejudice.[1] (Report, ECF No. 29, at 1.) Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 11.) On May 15, 2019, Plaintiff requested an extension of time to file objections, from May 16, 2019 to May 21, 2019. (Pl.'s Letter dated May 15, 2019, ECF No. 30.) Plaintiff then filed objections on May 21, 2019. (Pl.'s Objs. to Mag. J.'s R. & R.

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

("Objs."), ECF No. 32-1.) Subsequently, on June 4, 2019, Defendant filed a response to Plaintiff's objections. (Def.'s Resp. to Pl.'s Objs. to Mag. J.'s R. & R., ECF No. 34.)

Having reviewed Magistrate Judge Freeman's Report, and Plaintiff's objection and Defendant's response, this Court ADOPTS the Report in full and overrules Plaintiff's objections. Accordingly, Defendant's motion to dismiss is GRANTED.

## I. FACTUAL BACKGROUND

Plaintiff commenced this action in 2003, seeking damages under the FELA for injuries she allegedly sustained on two separate occasions while employed by Defendant as an MTA Police Officer. (*See generally* Compl.) Plaintiff alleges that she was first injured in September 2000, when Defendant negligently placed on top of an employee locker a battery charger that fell and hit her head. (*Id.* at 2.) Plaintiff claims that she was injured a second time in January 2002, when she was patrolling Grand Central Station in a golf cart that jerked violently because it had been negligently maintained by Defendant. (*Id.* at 3.)

The parties first appeared for a conference on September 3, 2003. (Minute Entry dated Sept. 3, 2003.) At a second conference on December 10, 2003, Plaintiff's counsel informed this Court that Plaintiff needed back surgery and suggested that this Court "put [this case] on a suspended calendar to be activated by [Plaintiff's counsel's] letter indicating that those issues have been resolved, or . . . to have a control date in maybe June." (Conference Tr. dated Dec. 10, 2003 at 2:25–3:3.) This Court indicated that it would take the case off the calendar and suspend the scheduling order, and it instructed Plaintiff to provide an update by June 2004 as to the status of Plaintiff's surgery. (*Id.* at 3:20–4:1.) By letter dated June 7, 2004, Plaintiff's counsel advised this Court that Plaintiff was pregnant but had not yet given birth and that her back surgery would be delayed. (Decl. of Helene R. Hechtkopf in Supp. of Def.'s Mot. to Dismiss ("Hechtkopf Decl."),

2

Ex. 3 (Pl.'s Letter dated June 7, 2004), ECF No. 16-3.) Plaintiff's counsel therefore "request[ed] that the case continue on a suspense calendar to be activated by letter of counsel." (*Id.*) Accordingly, by an Order dated June 8, 2004, this Court formally placed the case on the suspense docket and directed the parties to submit a status letter no later than December 1, 2004. (Order dated June 8, 2004, ECF No. 8.)[2]

Twenty-one months later, on September 6, 2006, given that there had been "no action for more than twelve months," Judge Kimba M. Wood, who was then the Chief Judge of this Court, closed this case administratively. (Order dated Sept. 6, 2006, ECF No. 9.)[3]

Twelve years later, on September 19, 2018, Plaintiff filed a letter motion noting that Plaintiff "ha[d] completed her surgeries" and requesting "that the case be placed on the Court's active calendar." (Pl's Letter dated Sept. 19, 2018, ECF No. 10.) On September 20, 2018, this Court scheduled a status conference for January 17, 2019. (Order dated Sept. 20, 2018.)[4] Subsequently, on December 19, 2018, Defendant moved to dismiss for failure to prosecute. (Mot. to Dismiss.)

---

[2] On November 30, 2004, Plaintiff's counsel provided this Court with a letter update, which was not filed on the docket. (Hechtkopf Decl., Ex. 5 (Pl.'s Letter dated Nov. 30, 2004), ECF No. 16-5.) Plaintiff's counsel stated in the letter that Plaintiff gave birth on June 29, 2004 but that her back surgery was still delayed. (*Id.*) He noted that Plaintiff is "hopeful that her surgery can be scheduled for some time in January." (*Id.*) He also requested that Plaintiff be permitted to provide a further update in May 2005. (*Id.*) Plaintiff failed, however, to provide any such update to this Court. (Report at 3.)

[3] Plaintiff's next communication with this Court was on January 10, 2012, when Plaintiff's counsel notified this Court through an undocketed letter that the name of his law firm had changed. (Decl. of Marc Wietzke ("Wietzke Decl."), Ex. C (Pl.'s Letter dated Jan. 10, 2012), ECF No. 23-3.)

[4] This conference was adjourned several times—twice upon the parties' request and once, *sua sponte*, upon Plaintiff's request for an extension of time to file objections to the Report—and has never taken place. (Memo Endorsement dated Jan. 14, 2019, ECF No. 21; Memo Endorsement dated Mar. 12, 2019, ECF No. 28; Order dated May 16, 2019.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Rule 41(b) Failure to Prosecute.

Rule 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). "The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of [a] plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Any significant delay in prosecution, even a "delay of a 'matter of months,'" can prejudice the

4

defendant and can warrant dismissal. *Atuegwu v. United States*, No. 18 Civ. 1518 (PAE), 2019 WL 2023720, at *2 (S.D.N.Y. May 8, 2019) (quoting *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012)). District courts must weigh five factors when deciding whether to dismiss an action under Rule 41(b), namely, whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted). No single factor is dispositive in this inquiry. *Id.* The court need not make "exhaustive factual findings," but should support its decision with adequate reasoning. *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam).

### III. PLAINTIFF'S CLAIMS ARE DISMISSED FOR FAILURE TO PROSECUTE

Magistrate Judge Freeman appropriately found that dismissal of this action is warranted, given Plaintiff's failure to prosecute her claims.

#### A. Plaintiff's Failure to Prosecute Caused a Prolonged Delay.

The first factor—the duration of delay caused by Plaintiff's failure to prosecute—strongly favors dismissal. As noted above and in the Report, from the time that this case was placed on the suspense docket in June 2004, to the time that Plaintiff requested it to be restored back to the active calendar in September 2018, fourteen years had expired. Plaintiff made only two letter communications with this Court over the span of fourteen years: (1) a November 30, 2004 letter noting that her back surgery was delayed and (2) a January 10, 2012 letter informing that counsel's law firm name had changed. (Report at 5–6; Hechtkopf Decl., Ex. 5 (Pl.'s Letter dated Nov. 30, 2004); Wietzke Decl., Ex. C (Pl.'s Letter dated Jan. 10, 2012.) Moreover, during that period, there

5

were only two conferences in this case, both of which were in 2003. (Minute Entry dated Sept. 3, 2003; Minute Entry dated Dec. 10, 2003.)

Plaintiff objects to Magistrate Judge Freeman's findings by arguing that "the delay was after the case was placed on the suspense calendar" and that "[t]he parties consented to place the case on the suspense docket." (Objs. at 7.) Plaintiff previously made substantially the same argument to Magistrate Judge Freeman. (*See* Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss for Failure to Prosecute ("Opp'n"), ECF No. 22, at 8) (arguing that "there were no failures on [Plaintiff's] part" since "[t]he parties consented to place the case on the suspense docket"). As Magistrate Judge Freeman correctly found, however, the fact that the case was placed on the suspense docket did not prevent Plaintiff from taking appropriate and meaningful steps to restore and prosecute her case. (Report at 6.)[5] Even Chief Judge Wood's order administratively closing this case did not prompt Plaintiff to act. In fact, Plaintiff's counsel never provided this Court with the promised update on or after May 2005.

The only new point Plaintiff adds is that "there is not a single reported decision finding dismissal warranted after placement on the suspense calendar." (Objs. at 3.) While this may be

---

[5] In her opposition to Defendant's motion to dismiss, Plaintiff attaches three letters that Plaintiff's counsel allegedly sent to Defendant's counsel during the fourteen-year period that the case was on the suspense docket and then administratively closed. First, on December 10, 2004, Plaintiff's counsel allegedly sent Defendant's counsel a letter attaching a New York Workers' Compensation Board decision pertaining to Plaintiff and "mak[ing] reference to surveillance tapes." (Wietzke Decl., Ex. A (Pl.'s Letter dated Dec. 10, 2004), ECF No. 23-1.) In that letter, Plaintiff requested Defendant to produce "all surveillances conducted of [Plaintiff]." (*Id.*) Then, on September 26, 2007, Plaintiff's counsel purportedly provided Defendant with a "supplement" to Plaintiff's previous discovery responses. (Wietzke Decl., Ex. B (Pl.'s Letter dated Sept. 26, 2007), ECF No. 23-2.) Finally, on November 19, 2015, Plaintiff's counsel allegedly informed Defendant's counsel that Plaintiff was "ready to request that the Court remove this case from its suspense calendar." (Wietzke Decl., Ex. D (Pl.'s Letter dated Nov. 19, 2015), ECF No. 23-4.) Plaintiff's counsel also requested a call to discuss how to proceed. (*Id.*) None of these letters were filed or otherwise reflected on the docket, nor was any notice of such activity provided to this Court prior to Plaintiff attaching the letters to her opposition. There is no indication that Defendant ever responded to any of these letters. (*See* Opp'n at 5–6.) However, there is also no indication that Plaintiff followed up with Defendant after receiving no response, and Plaintiff never raised this as an issue with this Court.

true, there are several unreported decisions that are instructive and that indicate that dismissal here is proper. *See, e.g., Warren v. Columbia Presbyterian Hosp.*, No. 12 Civ. 5139 (RA), 2019 WL 2250419, at *1 (S.D.N.Y. May 24, 2019) (noting, in denial of plaintiff's motion to reopen action, that court had previously dismissed action for failure to prosecute after placing it on suspense calendar pending plaintiff's surgery); *Davidson v. Scully*, 83 Civ. 2025 (JPO), 2018 WL 566454, at *2–3 (S.D.N.Y. Jan. 25, 2018) (denying plaintiff's motion to reopen case for failure to prosecute, after plaintiff had requested stay due to his medical incapacity); *Cognotec Servs. Ltd. v. Morgan Guar. Tr., Co.*, No. 93 Civ. 4878 (KTD), 1999 WL 627411, at *3 (S.D.N.Y. Aug. 18, 1999) (dismissing case where plaintiff "fail[ed] to provide any excuse for its nineteen month period of total inactivity while its case was on suspense").

### B. Dismissal Is Appropriate, Even Without Formal Notice of Possibility of Dismissal.

Magistrate Judge Freeman correctly found that the second factor—notice of the potential dismissal of Plaintiff's claims—also weighs in favor of dismissal, albeit not as heavily as the other factors do. (Report at 7.) Plaintiff raises no new objections to this finding and instead repeats the argument made with respect to the first factor, namely that Defendant did not object to the continuation of the case on the suspense calendar. (*Compare* Opp'n at 8 ("The parties consented to place the case on the suspense docket."), *with* Objs. at 7 ("Nor did [Plaintiff] learn from [D]efendant that it objected to the continuation of the case on the suspense calendar . . . .").) Even on *de novo* review, however, Plaintiff's argument fails. Although Plaintiff was not given formal notice that continued failure to prosecute would result in dismissal of her claims, and Defendant consented to the case's placement on the suspense docket in 2004, the Supreme Court has recognized that dismissal under Rule 41(b) may be appropriate without *any* notice, depending on the circumstances. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). Moreover, Plaintiff was

7

represented throughout this action by the same counsel, who knew or should have known that failing to submit the promised May 2005 update, a September 2006 minute order closing this case after no action for more than twelve months, and over fourteen years of court and docket inactivity could lead to dismissal. *See Cognotec* 1999 WL 627411, at *3 (dismissing case despite lack of express notice of possibility of dismissal, "[i]n light of [plaintiff's] notice that its case was on suspense and the sophistication of its counsel").

## C. Defendant Would Suffer Prejudice If Required to Defend This Action.

As to the third factor, Magistrate Judge Freeman properly found that Defendant "would undoubtedly suffer real prejudice" if forced to defend this action involving a September 2000 incident and a January 2002 incident. (Report at 7.) "Prejudice may be presumed as a matter of law" where a plaintiff causes a delay that is "lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). This is because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). As Magistrate Judge Freeman correctly determined, prejudice here should be presumed because Plaintiff's delay in prosecuting was "extraordinarily lengthy," and Plaintiff has made no attempt to excuse any of the periods of delay. (Report at 7.) In addition, the prejudice posed to Defendant is exacerbated by the many number of years that have passed since the events underlying Plaintiff's claims. (*Id.* at 8.)

Plaintiff does not dispute that this case depends largely on the recollection of witnesses.[6] She instead simply insists that "[i]t will be on [P]laintiff to track down any witnesses to support

---

[6] The recollection of witnesses is particularly relevant here, where no depositions were taken of Plaintiff or of any witnesses. (*See* Mem. of Law in Supp. of Def.'s Mot. to Dismiss for Failure to Prosecute, ECF No. 17, at 5, 6.)

8

her claim." (Objs. at 8.) Whether or not Plaintiff bears this burden is inapposite; concerns regarding evidence and witnesses' memories remain, and Defendant will still need to rely on those recollections of the underlying events to defend its case. Plaintiff also argues that an accident report prepared by Defendant following its investigation into Plaintiff's injuries "militate against any presumed prejudice." (Objs. at 8.) Plaintiff, however, does not demonstrate how any such report would remedy the concerns regarding the reliability of the witnesses' recollections *today*, over a decade and a half after the events at issue. *See, e.g.*, *Davidson*, 2018 WL 566454, at *3 ("Requiring Defendants to defend a thirty-five-year-old claim, with evidence and recollections that are at best seventeen years stale, would be seriously prejudicial.").

### D. Plaintiff Had the Opportunity to Be Heard.

With respect to the fourth factor—requiring this Court to consider the proper balance between managing its docket against Plaintiff's opportunity to be heard—Plaintiff has indeed had such opportunity. As Magistrate Judge Freeman noted, Plaintiff could have requested this Court to restore this case to active status at any time since 2004, and Plaintiff has failed to sufficiently explain her prolonged delay in doing so, or prosecuting her claims. (Report at 8 (citing *Valentine v. Metro. Life Ins. Co.*, No. 85 Civ. 3006 (CSH), 2004 WL 2496074, at *4 (S.D.N.Y. Nov. 4, 2004)).)

Indeed, Plaintiff's only new objection with respect to this factor is that "the entire point" of placing this case on the suspense calendar was "to avoid the cluttering of the docket in light of the admitted delay occasioned originally by [P]laintiff's pregnancy and then surgeries." (Objs. at 8.) However, this does not explain the length of the fourteen-year period during which this case was removed from the active calendar or the years-long stretches of total inactivity during this period. Plaintiff gave birth on June 29, 2004. (Objs. at 4.) It is unclear when she had her back

9

surgery, but as of November 30, 2004, she was expecting to undergo surgery in January 2005. (Hechtkopf Decl., Ex. 5 (Pl.'s Letter dated Nov. 30, 2019).) Although Plaintiff does not indicate when she had her surgery, there is no reason to conclude that it did not happen in early 2005 as was anticipated.

Plaintiff's counsel indicated to Defendant's counsel in November 2015 that Plaintiff was ready to proceed with the case, presumably because Plaintiff had, before then, completed her surgery. (Wietzke Decl., Ex. D (Pl.'s Letter dated Nov. 19, 2015).) However, Plaintiff did not contact this Court to reactivate this case until December 2018, over three years later. Even assuming, *arguendo*, that her surgery took place much later than anticipated, Plaintiff failed to update this Court in May 2005 as promised, or at any time thereafter. Dismissal of this case is therefore warranted under the fourth factor.

### E. Sanctions Lesser than Dismissal Are Inadequate.

As to the fifth factor, Magistrate Judge Freeman determined that no sanction lesser than dismissal would mitigate the prejudice to Defendant described above. (Report at 9.) While Magistrate Judge Freeman considered Plaintiff's suggestion of imposing "strict deadlines," she correctly determined that doing so would not help Defendant obtain the testimonial evidence necessary to aid in its defense. (*Id.*) Plaintiff now suggests that this Court could also impose the lesser sanction of requiring Plaintiff "to pay [D]efendant's costs in bringing this motion." (Objs. at 8.) Similar to "strict deadlines," however, such payment would do nothing to ameliorate the evidentiary prejudice to Defendant in defending this lawsuit.

### IV. PLAINTIFF'S CLAIMS ARE DISMISSED WITH PREJUDICE

Finally, Magistrate Judge Freeman appropriately found that Plaintiff's claims should be dismissed with prejudice. (Report at 10.) Because Plaintiff did not object to this specific finding,

10

this finding need only be reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. at 346–47. As Magistrate Judge Freeman determined, dismissal with prejudice is proper when, as here, "[P]laintiff, having been given the opportunity to be heard, 'offer[s] no explanation or justification for [her] failure to prosecute [her] case.'" (Report at 9 (quoting *Mitchell v. Martin*, No. 90 Civ. 6632 (DC), 1995 WL 429023, at *2 (S.D.N.Y. July 20, 1995)).) Accordingly, Plaintiff's action is dismissed with prejudice for failure to prosecute.

## V. CONCLUSION

Plaintiff's objections are OVERRULED, and Magistrate Judge Freeman's Report is ADOPTED. Defendant's motion to dismiss Plaintiff's complaint with prejudice, (ECF No. 15), is GRANTED.

The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
August 2, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge